# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 19-260V

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| SCOTT SCHEFFLER, | * | |
| | * | |
| Petitioner, | * | Special Master Shah |
| | * | |
| v. | * | Filed: December 13, 2024 |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUM. SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

*Anne Carrion Toale,* Maglio Christopher and Toale, Sarasota, FL, for Petitioner.
*Austin Joel Egan,* United States Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On February 15, 2019, Scott Scheffler ("Petitioner") filed a petition, seeking compensation under the National Vaccine Injury Compensation Program ("the Vaccine Program").[2] Pet., ECF No. 1. Petitioner alleged he suffered from Henoch Schoenlein purpura and its sequelae as a result of the Twinrix hepatitis A and B ("Twinrix") vaccine he received on or about May 2, 2018. *See id.* On October 24, 2023, the parties filed a stipulation, which former Special Master Katherine E. Oler adopted as her decision awarding compensation on that same day; Petitioner was awarded $77,500.00. ECF No. 61.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2018)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

On June 1, 2022, Petitioner filed a motion for interim attorneys' fees and costs requesting a total of $100,891.28.  ECF No. 63.  On April 20, 2022, Petitioner's motion for interim attorneys' fees and costs was granted in part and he was awarded $99,391.28.  ECF No. 44.

On March 5, 2024, Petitioner filed an application for final attorneys' fees and costs.  Final Fees App. (ECF No. 66).  Petitioner requests attorneys' fees and costs in the amount of $36,014.01, representing $22,827.50 in attorneys' fees and $13,386.51 in attorneys' costs.  Final Fees App. at 2.  Petitioner indicates that he personally has not incurred any costs related to the prosecution of her petition.  *Id.*  Respondent filed a response ("Final Fees Resp.") to the motion on April 2, 2024, stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting "that the Court exercise its discretion and determine a reasonable award for attorneys' fees and costs."  Final Fees Resp. at 2-3 (ECF No. 67).  Petitioner filed a reply ("Final Fees Reply") the next day.  ECF No. 68.  On August 5, 2024, Petitioner filed a motion to amend his motion for attorney fees and costs to reflect a change in his counsel's preferred mailing address.  ECF No. 70.  This motion was granted on August 18, 2024.  ECF No. 71.

This matter is now ripe for consideration.

**I.     Attorneys' Fees and Costs**

Section 15(e) (1) of the Vaccine Act allows the Special Master to award "reasonable attorneys' fees, and other costs."  § 300aa–15(e)(1)(A)–(B).  Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the Special Master finds that the petition was filed in good faith and with a reasonable basis.  *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008).  Here, because Petitioner was awarded compensation pursuant to a stipulation, he is entitled to a final award of reasonable attorneys' fees and costs.

It is "well within the special master's discretion" to determine the reasonableness of fees.  *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Hum. Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs.").  Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work.  *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316–18 (2008).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community.  *See Blum v. Stenson*, 465 U.S. 886, 895 (1984).  The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."  *Id.* at 895, n.11.  The petitioner bears the burden of providing adequate evidence to prove that the requested hourly rate is reasonable.  *Id.*

### A. Reasonable Hourly Rates

Petitioner requests the following rates of compensation for his attorneys at mctlaw: for Ms. Anne Toale, $500.00 per hour for work performed in 2022, $535.00 per hour for work performed in 2023, and $570.00 per hour for work performed in 2024; for Ms. Jessica Olins, $290.00 for work performed in 2022; and for Ms. Danielle Strait, $415.00 per hour for work performed in 2022. Petitioner also seeks compensation for paralegals, ranging from $170.00-$190.00 per hour for work performed in 2022-2024. *Id.*

Ms. Toale and her colleagues have previously been awarded their 2022-2024 rates by other special masters. *See, e.g.*, *Ferrari v. Sec'y of Health & Hum. Servs.*, No. 19-93V, 2024 WL 4503644, at *2 (Fed. Cl. Spec. Mstr. Aug. 22, 2024); *Mekwinski v. Sec'y of Health & Hum. Servs.*, No. 16-859V, 2024 WL 4043676, at *1 (Fed. Cl. Spec. Mstr. July 23, 2024); *Ciccarelli v. Sec'y of Health & Hum. Servs.*, No. 19-261V, 2024 WL 1617318, at *2 (Fed. Cl. Spec. Mstr. Feb. 15, 2024). Accordingly, I find the requested rates are reasonable and will award them herein.

### B. Reasonable Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). Additionally, it is well-established that billing for administrative/clerical tasks is not permitted in the Vaccine Program. *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989); *Arranga v. Sec'y of Health & Hum. Servs.*, No. 02-1616V, 2018 WL 2224959, at *3 (Fed. Cl. Spec. Mstr. Apr. 12, 2018).

While the overall hours spent on this matter appear to be reasonable, an adjustment must be made for time billed for Ms. Toale's expert meeting. Ms. Toale billed for "Travel CT to NYC for expert meeting (billed at 1/2 time)" for 1.5 hours on October 16, 2022, totaling $750.00. Ex. 66 at 2. There is an identical billing entry billed on October 17, 2022, also for 1.5 hour and also totaling $750.00. *Id*. Ms. Toale then billed for "Return travel from expert meeting (billed at 1/2 time)" for 1.6 hours, totaling $800.00. *Id*. Thus, there appear to be duplicative entries for the return trip. Accordingly, Ms. Toale's entry on October 17, 2021, for "Travel CT to NYC for expert meeting (billed at 1/2 time)" for 1.5 hours, totaling **$750.00**, will not be paid.

Additionally, Ms. Toale billed for her "Cab to and from expert meeting (billed at 1/2 time)" for 0.3 hours (or 18 minutes) on October 17, 2022, at her standard rate of $500.00 per hour, totaling $150.00. Ex. 66 at 2. According to her taxi receipts, Ms. Toale's first trip was on October 17, 2022, beginning at 8:20 AM and ending at 8:30 AM (ten minutes), and her second trip was also on October 17, 2022, beginning at 9:53 AM and ending at 10:01 AM (eight minutes), for a total of 18 minutes. *Id*. at Ex. 67 at 2, 4. Although Ms. Toale's billing entry states that her travel time was billed at half her rate, the amount of time billed (18 minutes) does not reflect such a reduction.

The Vaccine Program routinely compensates attorneys at half their normal rate for time spent traveling. *See, e.g., Kuttner v. Sec'y of Health & Hum. Servs.*, No. 06-195V, 2009 WL 256447, at *10 (Fed. Cl. Spec. Mstr. Jan. 16, 2009); *Carter v. Sec'y of Health & Hum. Servs.*, No.

3

04-1500V, 2007 WL 2241877, at *6 (Fed. Cl. Spec. Mstr. Jul. 13, 2007); *Scoutto v. Sec'y of Health & Hum. Servs.*, No. 90–3576, 1997 WL 588954, at *5 (Fed. Cl. Spec. Mstr. Sept. 5, 1997); *Hocraffer v. Sec'y of Health & Hum. Servs.*, No. 99–533V, 2011 WL 3705153, at *24 (Fed. Cl. Spec. Mstr. Jul. 25, 2011); *Rodriguez v. Sec'y of Health & Hum. Servs.*, No. 06-559V, 2009 WL 2568468, at *21 (Fed. Cl. Spec. Mstr. Jul. 27, 2009); *English v. Sec'y of Health & Hum. Servs.*, No. 01-61V, 2006 WL 3419805, at *12–13 (Fed. Cl. Spec. Mstr. Nov. 9, 2006). However, special masters need not dogmatically apply this rule; rather, "[e]ach case should be assessed on its own merits." *Gruber v. Sec'y of Health & Hum. Servs.*, 91 Fed. Cl. 773, 791–2 (2010). An attorney who documents that he or she worked on the case in question while flying, for example, might be entitled to regular compensation for some of that time, but even if some work is done while on a plane, other parts of the trip will not involve work time. For instance, travel from the office to the airport, traversing the airport, hotel check-in, and time spent driving and flying should all be billed at half-rate. Petitioner's attorneys have previously been denied their full rate for travel time. *See e.g., Day v. Sec'y of Health & Hum. Servs.*, No. 12-630V, 2017 WL 3381049 (Fed. Cl. Spec. Mstr. Jul. 11, 2017); *Gruber*, 91 Fed. Cl. 773, 790–91; *Bassett v. Sec'y of Health & Hum. Servs.*, No. 15-1231V, 2017 WL 2883899 (Fed. Cl. Spec. Mstr. Mar. 23, 2017). I find that Ms. Toale's travel time should be compensated at half her rate. This results in a further reduction of **$75.00**.

I find that the remainder of the billing entries adequately describe the work done on the case and the amount of time spent on that work. Accordingly, Petitioner is awarded final attorneys' fees in the amount of $22,002.50.

### C. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992).

Petitioner requests a total of $13,386.51 in attorneys' costs. This amount is comprised of postage, travel expenses related to an expert meeting, including meals, taxi, and parking, and legal research fees. Ex. 67 at 1. This amount is also comprised of expert services provided by Dr. Michael S. Lee at an hourly rate of $500.00, for 24.97 hours, totaling $12,485.00; and expert services provided by Dr. Lindsay Lally at an hourly rate $500.00 per hour, for 80 minutes, totaling $666.00. *Id.* at 6-7, 9. These rates are consistent with what Dr. Lee and Dr. Lally, respectively, have been previously awarded, and I find them reasonable herein. *See Scheffler v. Sec'y of Health & Hum. Servs.*, No. 19-260V, 2022 WL 16580270, at *6 (Fed. Cl. Spec. Mstr. Oct. 3, 2022). Petitioner has provided adequate documentation supporting all requested costs and Respondent has not identified any specific costs as objectionable. I find these costs to be reasonable and shall fully reimburse them.

## II. Conclusion

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), I have reviewed the billing records and costs in this case and find that Petitioner's request for fees and costs is reasonable. I find that it is reasonable to compensate Petitioner and his counsel as follows:

| Attorneys' Fees Requested | $22,827.50 |
|---|---|

4

| (Reduction to Fees) | ($825.00) |
|---|---|
| **Total Attorneys' Fees Awarded** | **$22,002.50** |
| | |
| Attorneys' Costs Requested | $13,386.51 |
| (Reduction to Costs) | - |
| **Total Attorneys' Costs Awarded** | **$13,386.51** |
| | |
| **Total Amount Awarded** | **$35,389.01** |

**Accordingly, I award a lump sum in the amount of $35,389.01 representing reimbursement for reasonable attorneys' fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel, mctlaw. Pursuant to his motion to amend the Final Fees App., Petitioner's check shall be forwarded to mctlaw, 1515 Ringling Blvd., Suite 700, Sarasota FL, 34236.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[3]

**IT IS SO ORDERED.**

**s/ Jennifer A. Shah**
Jennifer A. Shah
Special Master

---

[3] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).